UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-6142-HUNT

UNITED STATES OF AMERICA,

   Plaintiff,

v.

DANIELLE EDMONSON,

   Defendant.
_____

## DETENTION ORDER

   Pursuant to 18 U.S.C. § 3142(f), on April 5, 2019, the undersigned held a hearing to determine whether the Defendant Danielle Edmonson-El[1] should be detained prior to trial.  Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the Defendant's appearance at trial.  Therefore, it is hereby ordered that Defendant be detained prior to trial and until the conclusion thereof.

   In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

   1. **18 U.S.C. § 3142(g)(1)** -- **Nature and Circumstances of the Offense.**

Defendant is charged by way of criminal complaint with making false claims and

_____

[1] Defendant is charged under the name Edmonson.   In court, she identified herself as Edmonson-El.  Accordingly, the undersigned will refer to her as Defendant or by her preferred name Edmonson-El.

statements and with mail fraud, in violation of 18 U.S.C. §§ 287, 1001, and 1341.   The false claims and false statement charges each carry a maximum penalty of five (5) years' imprisonment, while the mail fraud charge carries a maximum penalty of twenty (20) years.   There is no rebuttable presumption in this case, nor are the charges normally "eligible" charges for a pretrial detention request under 18 U.S.C. § 3142(f)(1).   Rather, the Government seeks detention under 18 U.S.C. § 3142(f)(2)(A), arguing that Ms. Edmonson-El is unable or unwilling to comply with court orders, including bond conditions, and therefore poses a serious risk of flight.   The Government estimates that Defendant's guideline range would be 151–188 months.   18 U.S.C. § 3142(g)(1).

2. **18 U.S.C. § 3142(g)(2) -- Weight of the Evidence**.   The weight of the evidence against this Defendant is strong.   At the hearing, the Government proceeded by way of proffer, with IRS-CI Special Agent Stephan George then made available for cross-examination.   The evidence showed that in August 2015, Defendant filed a tax return with the IRS seeking a refund in the amount of $239,700.   The return included handwritten forms falsely indicating that Defendant had paid over $300,000 in taxes. IRS issued a tax refund check in the requested amount and mailed the check to Defendant's Fort Lauderdale address.   Defendant deposited the check in her bank account and subsequently used some of the funds to purchase a BMW and made a cash withdrawal of approximately $60,000.   In March 2017, Defendant filed a tax return requesting a refund of more than $80,000,000.   Again, the return was supported by handwritten forms falsely claiming that Defendant had paid more than $141 million in taxes.   This refund was not issued.   However, in September 2017, Defendant filed a

return requesting a refund of $2,405,073.   Again, the return included false claims that Defendant had received millions of dollars in interest income, and that corresponding taxes had been withheld.   The IP address used to file this return traced back to Defendant.   IRS issued a refund check in the requested amount and mailed it to Defendant at her Fort Lauderdale address.   Defendant deposited the check in the same bank account.   In January 2018, Defendant again filed a tax return requesting more than $9,000,000 as a refund, falsely claiming that she had received millions of dollars in interest income with corresponding withholdings.   The IP address used to file traced back to Defendant.   During an undercover meeting with IRS in 2017, Defendant verified her signature on the 2014 and 2015 returns, claiming she had received interest income from ancestral indebtedness.   In January 2018, IRS executed a search warrant at Defendant's home and found a copy of Defendant's 2015 return, a folder of IRS correspondence notifying Defendant of the penalties for filing fraudulent tax returns, and a letter from IRS advising Defendant that her "scheme appears to be akin to a fraud."   On May 2, 2017, Defendant completed and submitted a U.S. passport application including a photograph and an apparently accurate address and date of birth.   However, she listed her social security number as nine zeroes, claiming that she had never received a social security number.   (In her filings with the IRS, she used a nine-digit social security number issued to her at birth.)   In total, Defendant submitted false claims to the IRS in the amount of approximately $175,000,000.   18 U.S.C. § 3142(g)(2).

      3.   **18 U.S.C. § 3142(g)(3) -- History and Characteristics of the Defendant.**   Danielle Edmonson-El declined to answer any questions from pretrial

services or from the undersigned.  She purports to be an aboriginal Moor descended from pharaohs.   She does not recognize the authority of United States District Court and refused to participate in court proceedings, including her initial appearance and her pretrial detention hearing.   Public records accessed by pretrial services indicate that Defendant was born on December 6, 1984.   She appears to reside in Fort Lauderdale and has a two-year-old child.   Her father is charged with similar conduct in the same complaint.    She has a master's degree in Business Administration from Nova Southeastern University.   She has no criminal history.    18 U.S.C. § 3142(g)(3)(A)–(B).

      4.    **18 U.S.C. § 3142(g)(4) -- Danger to any Person or the Community.** Based upon the proffered evidence, the undersigned does not find that Defendant is a risk of obstruction of justice or threatening a witness, 18 U.S.C. § 3142(f)(2)(B).   She does, however, pose a serious risk of flight due in part to her access to large amounts of money and her alleged attempt to obtain a passport with false information.   More importantly, she refuses to recognize the authority of the court, responding to all questions with a rote recitation regarding her ancestry.   Based upon her behavior in court, there is no reason to believe she would appear in court as required if released on bond.   18 U.S.C. § 3142(f)(2)(A).   18 U.S.C. § 3142(g)(4).

      5.   Based upon the above findings of fact, which were supported by clear and convincing evidence, this Court specifically finds that there are no conditions or combination of conditions that reasonably will assure Defendant's appearance in court as required.   18 U.S.C. § 3142(e).

      The Court hereby directs:

(a)   That the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b)   That the Defendant be afforded reasonable opportunity for private consultation with counsel; and

(c)   That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this 8th day of April, 2019.

Copies to:     All counsel of record

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE