UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-60086-CR-RLR-2

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

KENNETH EDMONSON,
    Defendant.
_____/

## MOTION TO ADDRESS STATUS OF COUNSEL

COMES NOW, the Defendant, Kenneth Edmonson, by and through his undersigned attorney, Jason W. Kreiss, Esq., and hereby files this Motion to Address Status of Counsel in this matter. A hearing is being requested based upon the following:

1. On April 2, 2019 Kenneth Edmonson was arrested on a complaint and had a first appearance in the Southern District of Florida before the Honorable United States Magistrate Judge Patrick M. Hunt.

2. A review of the docket report indicates that on April 2, 2019 Judge Hunt held a Faretta hearing and a minute entry (D.E. 7) was registered stating "Faretta hearing held. Defendant waives right to counsel and defends himself."

3. On April 9, 2019 an indictment was returned charging defendant Kenneth Edmonson with the following: Counts V. - VI. -False Fictitious and Fraudulent Claims in violation of Title 18 U.S.C. § 287; Count IX. Mail Fraud in violation of Title 18 U.S.C. § 1341, and in Count X. False Statements in violation of Title 18 U.S.C. § 1001(a)(2).

4. On August 26, 2019 the Court entered an order appointing undersigned counsel to

represent the defendant pursuant to the Criminal Justice Act. In reviewing the docket report, it does not appear that the Court engaged in second Faretta inquiry ensuring that the defendant knowingly and voluntarily waived his constitutional right to represent himself prior to appointing counsel.

5. On September 6, 2019 a status conference was held before United States Magistrate Judge, Bruce E. Reinhart. It was at this hearing that undersigned counsel met Mr. Edmonson for the first time. When undersigned counsel attempted to introduce himself to the defendant, he stood up and yelled "get away from me, you're not my lawyer, I don't have a lawyer". When undersigned counsel continued to try to explain that his appointment pursuant to the Criminal Justice Act, the defendant referring to counsel yelled "marshals this man is harassing me".

6. It is readily apparent that Mr. Edmonson does not recognize the appointment of CJA counsel and wishes to exercise his 6th Amendment Right to represent himself which is further evidenced by the pro se pleadings he has continued to file subsequent to the appointment of counsel. (See D.E.80 and D.E. 84)

7. It has also recently come to undersigned counsel's attention that documents have been sent via email directly to the Court and AUSA Berger specifically not copying counsel.

8. On November 18, 2019 U.S. Pretrial Services Officer Jeffrey Feldman delivered a message to Mr. Edmonson that undersigned counsel was requesting a meeting in his office to review discovery and prepare for trial, to which Mr. Edmonson responded via text, "I don't have a attorney tell him to get lost".

9. To date undersigned counsel has been completely unable to communicate with Mr. Edmonson which is an integral component to the attorney-client relationship.

10. Mr. Edmonson's refusal to communicate with undersigned counsel renders it nearly impossible to provide effective assistance based upon the following: (1) counsel cannot ascertain if there are any legal or factual defenses to the charges contained in the indictment, (2) counsel is unable to perform an independent investigation of the allegations and locate potential defense witnesses, (3) counsel is unable to consult with the client regarding issues pertinent to the filing of pretrial motions, (4) counsel's ability to cross examine the government's witnesses and elicit exculpatory facts will be severely handicapped by the defendant's refusal to communicate,  (6) counsel anticipates that he will be unable consult with Mr. Edmonson during the jury selection process and (7) counsel is unable to discuss whether he should testify at the time of trial in addition to the pros and cons of resolving this matter by way of plea or a trial.

## LEGAL ARGUMENT

According to the Florida Bar Rules of Professional Conduct, Chapter 4. Rules of Professional Conduct Preamble: A Layer's Responsibilities, *A lawyer, as a member of the legal profession, is a representative of clients, an officer of the legal system, and a public citizen having special responsibility for the quality of justice. As a representative of clients, a lawyer performs various functions. As an adviser, a lawyer provides a client with an informed understanding of the client's legal rights and obligations and explains their practical implications. As an advocate, a lawyer zealously asserts the client's position under the rules of the adversary system. As a negotiator, a lawyer seeks a result advantageous to the client but consistent with requirements of honest dealing with others. As an evaluator, a lawyer acts by examining a client's legal affairs and reporting about them to the client or to others*. Based

upon the aforementioned facts and circumstances, undersigned counsel has significant reservations about his ability to fulfill his obligations as the attorney of record in this matter.

From the inception of this prosecution, Kenneth Edmonson in no uncertain terms has communicated his desire to exercise his 6th amendment right to represent himself to the Court. The Sixth Amendment guarantees a criminal defendant the right to "the assistance of counsel for his defense." U.S. Const. Amend. VI. This right not only guarantees a criminal defendant the right to trial counsel but also the fundamental right to self-representation. *Faretta v. California*, 422 U.S. 806, 835 (1975). The right of self-representation generally must be honored even if the district court believes that the defendant would benefit from the advice of counsel. *Id*. at 834. "The right to defend is personal. The defendant, and not his lawyer or the State, will bear the personal consequences of a conviction. It is the defendant, therefore, who must be free personally to decide whether in his particular case counsel is to his advantage. And although he may conduct his own defense ultimately to his own detriment, his choice must be honored out of 'that respect for the individual which is the lifeblood of the law.'" *Id.* at 835 (quoting *Illinois v. Allen*, 397 U.S. 337, 350–51 (Brennan, J., concurring)).

In sum, "the right to counsel is intended as a tool, not a tether." *United States v. Garey*, 540 F.3d 1253, 1263 (11th Cir. 2008)(*en banc*). "[I]t is one thing to hold that every defendant ... has the right to the assistance of counsel, and quite another to say that a State may compel a defendant to accept a lawyer he does not want." *Id. (quoting Faretta*, 422 U.S. at 833, 95 S.Ct. at 2540. The *Faretta right* is rooted in the Founders' respect for individual liberty and free choice, and concomitant rejection of the paternalistic urge to require compulsory counsel. *See McKaskle v. Wiggins*, 465 U.S. 168,176-77 (1984).

WHEREFORE undersigned counsel respectfully requests that this Honorable Court conduct a Faretta inquiry addressing the defendant's desire to represent himself in this matter.

Respectfully submitted,

/s/ *Jason W. Kreiss*
JASON W. KREISS, ESQ.
Florida Bar Number: 87912
1824 SE 4th Avenue
Fort Lauderdale, Florida 33316
Phone: 954-525-1971
Fax: 954-525-1978
Email: jwk@kreisslaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing motion has been furnished by CM/ ECF to all counsel of record on this 4th day of December 2019.

/s/ *Jason W. Kreiss*
JASON W. KREISS, ESQ.